**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                  Case No. 1:20–cr-62
                                           JUDGE DOUGLAS R. COLE
**JESSE CARTER,**

    **Defendant.**

## OPINION AND ORDER

This cause is before the Court on Defendant Jesse Carter's Motion to Dismiss (Doc. 65). For the reasons below, the Court **DENIES** Carter's Motion (Doc. 65). Trial will commence as scheduled on May 2, 2022. At trial, the government may not use or introduce into evidence in its case-in-chief any items it had not provided Carter in discovery on or before March 22, 2022.

## BACKGROUND

The operative Superseding Indictment (Doc. 55) in this case charges Carter with one count of Possession by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2, and one count of Illegal Possession of a Machine Gun, in violation of 18 U.S.C. § 922(o) and 924(a)(2), with corresponding forfeiture allegations. Trial in this matter was set to begin on March 28, 2022. (*See* Calendar Order, Doc. 46, #430).

On March 25, 2022, Carter filed a Motion to Dismiss (Doc. 65). Carter argues that dismissal of all charges is an appropriate sanction for the government's failure

to turn over certain discovery until March 23, 2022, days before the scheduled trial. Specifically, that discovery consists of three external hard drives containing extractions from cell phones, external SD cards, and 24-hour surveillance footage of the outside of a house where Carter had lived with roommates. (*See* Mot. to Dismiss ("Mot."), Doc. 65, #549).

On the same day that Carter filed his Motion, the Court convened a telephone status conference. Over Carter's objection, the Court decided to continue the scheduled trial date until April 11, 2022. The Court did so in order to give Carter an opportunity to review the recently-discovered materials before trial, and in order to allow the government to respond to Carter's Motion. On March 29, 2022, the government filed a Motion to Take Deposition (Doc. 68) of an officer witness who would not be available for the April 11, 2022, trial date. At the March 30, 2022, telephone status conference, Carter's counsel objected to both the deposition and a further continuance, but indicated a preference for the latter over the former. The Court granted another continuance based on the unavailability of an essential witness, *see* 18 U.S.C. § 3161(h)(3) (excluding from speedy trial clock computation any time during which an essential witness is unavailable), and trial is now scheduled to begin on May 2, 2022.

The government responded (Doc. 75) to Carter's Motion to Dismiss on April 8, 2022. The government concedes that it was required to disclose at least some of the discovery at issue pursuant to Federal Rule of Criminal Procedure 16 because it consisted in part of extractions from Carter's own electronic devices. (*See* Resp. in

Opp'n to Mot. ("Opp'n"), Doc. 75, #684). However, the government argues that the Court should not dismiss this case because the discovery at issue contains no material evidence and also because the government disclosed the evidence in advance of trial. (*Id.* at #692–93). The government notes that the discovery at issue comes from a period of time after Mr. Carter's arrest and detention and therefore suggests that it could have little relevance to whether Carter possessed the charged firearms within the relevant timeframe. (*Id.* at #695). The government also attaches an affidavit from Zach Kessler, a prosecutor who was formerly assigned to this case, attesting that Kessler "did not intentionally fail to disclose relevant or exculpatory evidence from defense counsel in Mr. Carter's case." (Kessler Aff., Doc. 75-1, #702). Finally, the government assures the Court that it will not use any of the discovery materials at issue in its case-in-chief. (Opp'n, Doc. 75, #691).

Carter replied (Doc. 76) on April 13, 2022. In his Reply, Carter noted that the government again provided additional discovery on April 8, 2022, including photographs and documents pertaining to the car that Carter was driving when he was stopped by police prior to his arrest. (Reply in Supp. of Mot., Doc. 76, #708–09). Over the government's objection, the Court also heard from Carter's counsel *ex parte* on April 26, 2022, regarding the motion and why counsel considered the later-produced evidence material to the defense theory. The matter is now ready for decision.

## LAW AND ANALYSIS

The general framework that applies to required disclosure of exculpatory evidence in criminal cases is well-established. In most criminal cases, "the *Brady* rule, [Federal Rule of Criminal Procedure 16,] and the Jencks Act exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). *Brady v. Maryland* requires disclosure of evidence that is favorable to a criminal defendant and is "material either to guilt or to punishment." 373 U.S. 83, 87 (1963). With respect to the timing of disclosure, the Sixth Circuit has held that there is no constitutional violation so long as the defense receives the material in time to use it effectively at trial. *Presser*, 844 F.2d at 1283. Federal Rule of Criminal Procedure 16(a) requires the government to disclose specific items of evidence including the defendant's oral, written, or recorded statements as well as objects obtained from the defendant. Where a Rule 16 violation has occurred, a court should impose "the least severe remedy available to cure prejudice." *United States v. Collins*, 799 F.3d 554, 573 (6th Cir. 2015) (quoting *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995)) (internal quotation marks omitted). The Due Process Protections Act amends Federal Rule of Criminal Procedure 5 to require courts to "issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor." PL 116-182, Oct. 21, 2020, 134 Stat. 894.

Here, the Court concludes that even if some of the recently produced items at issue are material for *Brady* purposes, there is no *Brady* violation because Carter's counsel has received the discovery in time to use it effectively at trial. *See* 373 U.S. at 87; *Presser*, 844 F.2d at 1283. Carter will have had nearly six weeks before trial to

4

review the information from the government's discovery productions in late March, and over three weeks to review the information from the government's April 8, 2022, production. As for the Rule 16 violation, the Court finds that dismissal of all charges is not the "least severe remedy." *Collins*, 799 F.3d at 573. Instead, the Court again considers that the continuances of the trial date have cured any prejudice to Carter by allowing his counsel to review, and to determine how to most effectively use, the discovery at issue. *See United States v. Marshall*, 132 F.3d 63, 70 (D.C. Cir. 1998) ("Ordinarily, a continuance is the preferred sanction for a discovery delay because it gives the defense time to alleviate any prejudice it may have suffered from the late disclosure."). Moreover, the government's representation that it will not use any of the materials at issue in its case-in-chief further averts any potential prejudice to Carter. (*See* Opp'n, Doc. 75, #691). Nor will the Court require the Defendant to rely on those assurances. Rather, the Court further **ORDERS** that the government may not use or introduce in its case-in-chief at trial any items that it had not provided Carter in discovery on or before March 22, 2022. *See United States v. McClain*, CRIMINAL ACTION NO. 3:16-CR-00054-JHM, 2017 WL 3710806, at *4 (W.D. Ky. Aug. 28, 2017) (suppression of evidence appropriate where government failed to provide discovery until shortly before trial).

Carter claims that this remedy falls short, and argues that case law supports dismissal. But the cases Carter cites in support of that remedy are inapposite. For one thing, they did not involve situations like this one where the government disclosed the materials at issue in advance of trial. *See United States v. Chapman*,

5

524 F.3d 1073, 1078–79 (9th Cir. 2008) (government repeatedly failed to disclose impeachment evidence until after witnesses had testified); *United States v. Fitzgerald*, 615 F. Supp. 2d 1156, 1161–62 (S.D. Cal. 2009) (government failed to provide impeachment materials in advance of key witness's testimony); *United States v. Lang*, 1:15-cr-00018-WAL-GWC, 2019 WL 1673317, at *6 (D.V.I. Apr. 17, 2019) (government failed to disclose exculpatory evidence prior to trial). For another, the government's conduct was more egregious in failing to turn over items whose materiality to the defense was obvious. *See Chapman*, 524 F.3d at 1078–79 (impeachment evidence including prior convictions for numerous witnesses); *Fitzgerald*, 615 F. Supp. 2d at 1161–62 (audiotapes where witness made statements inconsistent with testimony at trial); *Lang*, 2019 WL 1673317, at *6 (witness's prior statement that individuals other than defendant had committed bank robbery).

Finally, Carter argues that the government's discovery practices in this case violated this Court's Due Process Protections Act Order, which requires disclosure of *Brady* evidence "in a timely manner." (Mot., Doc. 65, #550). But the Court's Order only "confirms" the government's obligations under *Brady*—it does not, and could not, change them. *See* Fed. R. Crim. P. 5 ("the judge shall issue an oral and written order to prosecution and defense counsel that *confirms* the disclosure obligation of the prosecutor under *Brady v. Maryland* and its progeny ….") (emphasis added and internal citation omitted). Accordingly, Carter's argument does not affect the Court's conclusion that there has been no *Brady* violation.

6

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Carter's Motion to Dismiss (Doc. 65). Trial will commence as scheduled on May 2, 2022. At trial, the government may not use or introduce into evidence during its case-in-chief any items it had not provided Carter in discovery on or before March 22, 2022.

**SO ORDERED.**

April 29, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**