UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**JESSE CARTER,**

    **Defendant.**

Case No. 1:20-cr-62

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

Defendant Jesse Carter has moved the Court to reduce his sentence in light of recent retroactive amendments to the United States Sentencing Guidelines (U.S.S.G.). (Doc. 128). Specifically, under the amended guidelines, Carter would have been graded as a Criminal History Category III, rather than IV. (*Id.* at #2510). Carter therefore asks the Court to reduce his sentence from 84 months (which represented a minor downward variance from the recommended sentencing range based on the Criminal History Category used at sentencing) to 78 months (which is the low end of the now-applicable guideline range of 78–97 months given the retroactive amendments). (*Id.* at #2512). For its part, the government agrees that Carter's Criminal History Category is a III under the retroactively applicable guideline amendments and also agrees that the applicable sentencing range, given a Criminal History Category of III, is 78–97 months. (Doc. 129, #2513). But it says that the Court should nonetheless deny the requested reduction based on consideration of the 18 U.S.C. § 3553(a) sentencing factors. (*Id.*).

## BACKGROUND

Officers arrested Carter after discovering a Taurus 9mm handgun in his vehicle during a traffic stop. (Presentence Investigation Report, Doc. 102 ¶¶ 14–18, #1101–02). Based on telephone conversations he had on a monitored line while detained—specifically one in which he asked a friend to remove "the big one" from a subwoofer compartment in the car—officers also located a machinegun in the referenced location. (*Id.* ¶ 19, #1102).

At the time of the stop, Carter was a convicted felon. (*Id.* ¶ 18, #1102). Accordingly, the grand jury indicted Carter under 18 U.S.C. § 922(g) for possessing the Taurus handgun. (Doc. 1, #1). It also indicted him on a second count under 18 U.S.C. § 922(o) for possessing a machinegun. (Doc. 1, #1–2). Carter proceeded to trial, and a jury convicted him on both counts. (Doc. 86).

At sentencing, the Court conducted a guidelines calculation and determined that the relevant offense level was 26 and that Carter's criminal history put him in Criminal History Category IV. (Sentencing Tr., Doc. 117, #2279). As to his criminal history, the Court noted that Carter had three prior two-point felonies, which gave him a score of six, but also included two additional points under U.S.S.G. § 4A1.1 (as then-written) because Carter committed the instant offense while under a criminal justice sentence for another crime. (*See id.* at #2260). As a result, he had a total criminal history score of eight, putting him in Category IV. (*Id.*). With an offense level of 26 and a Criminal History Category of IV, the guidelines recommended a sentencing range of 92–115 months. (*Id.* at #2279).

The Court ultimately imposed a sentence of 84 months. (Doc. 106, #1205). It found that Carter should receive a minor downward variance for several reasons, including a lack of guidance during his childhood, substance abuse issues, and the extended period of time he spent in pretrial detention in particularly difficult conditions due to the COVID-19 pandemic. (Doc. 117, #2313–20).

The Unites States Sentencing Commission (Commission) has since amended the Sentencing Guidelines. U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023). Relevant here, it changed U.S.S.G. § 4A1.1's rules about enhancing a defendant's criminal history when the defendant has committed the instant crime while under a criminal justice sentence. Under the new version of § 4A1.1, a defendant receives at most one additional criminal history point (rather than two) and even then only if both (1) the defendant has seven or more criminal history points, and (2) the defendant committed the instant offense while under a criminal justice sentence. In adopting these and the other amendments to the guidelines, the Commission also made the amendments retroactive. *Id.* § 1B1.10(d).

So how does that play out here? As noted above, Carter had six points based on his previous convictions. (*See* Doc. 117, #2260). Under the as-amended § 4A1.1, then, instead of a two-point enhancement (for committing the instant offense while under a criminal justice sentence), he would not have received any enhancement at all (as he had less than seven criminal history points). And without that enhancement, he falls in Criminal History Category III, rather than IV. The recommended sentencing range thus would be 78–97 months. U.S.S.G. ch. 5, pt. A.

In light of those retroactive changes, Carter moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Doc. 128). Specifically, he asks the Court to reduce his sentence from 84 months to 78 months, (*id.* at #2512), which (as further described below) is the bottom of the new range and therefore the lowest the Court can reduce Carter's sentence under the amendment, U.S.S.G. § 1B1.10(b)(2)(A). The government opposes the motion. (Doc. 129). While implicitly conceding that the new § 4A1.1 puts Carter in Criminal History Category III, the government notes that, in addition to the guidelines amendment, the Court must also consider the 18 U.S.C. § 3553(a) sentencing factors. (*Id.* at #2513). And it argues that here those factors count against reducing Carter's sentence. (*Id.* at #2517–19).

## LAW AND ANALYSIS

The statute on which Carter relies, 18 U.S.C. § 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant … the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Sentencing Guideline § 1B1.10(b)(2)(A) further provides that any such reduction should not result in a term of imprisonment lower than the low end of the newly amended range.

Here, all agree that under the new guidelines, the range that applies to Carter's offense is 78–97 months, (Doc. 128, #2510; Doc. 129, #2513), rather than the

4

92–115-month range that the Court calculated at the original sentencing hearing, (Doc. 117, #2279). The question, then, is whether the 18 U.S.C. § 3553(a) sentencing factors support a reduction. The Court concludes that they do.

At the original sentencing hearing, the Court considered each of the sentencing factors. Based on those factors, the Court concluded that Carter was entitled to a minor downward variance. (Doc. 117, #2313–20). Specifically, the Court pointed to his very difficult childhood, his struggles with substance abuse, and that he had already served an extended period in pretrial detention in difficult conditions due to the COVID-19 pandemic. (*Id.* at #2315–19). As to COVID-19, in an effort to prevent virus transmission, detainees were often kept in their cells for up to 23 hours per day, and there was little in the way of programming (e.g., substance abuse treatment, etc.) to make their time there productive. (*See id.* at #2318). Concluding that time served in such restrictive conditions was in many ways more difficult than time at a Bureau of Prisons facility, the Court determined that Carter should receive a marginally shorter sentence to account for those difficulties. (*See id.*). The Court therefore concluded that an eight-month reduction from the low end of the range should apply. (*Id.* at #2319–20). In other words, after considering all the § 3553(a) factors, the Court found that a sentence below the applicable guidelines range was appropriate.

Now the applicable guidelines range has changed, and that change is retroactive. U.S.S.G. §§ 4A1.1, 1B1.10. So the same considerations that led the Court to select a below-guidelines range in the first instance now support a sentencing reduction. That is, if the new guidelines had been in effect at the time of the

5

sentencing, the Court likely still would have concluded, for the reasons it announced at the sentencing hearing, that a below-guidelines sentence was appropriate. It is just that the Court's starting point would have been different under the new guidelines. At the very least, the Court would have been inclined toward the low end of the guideline range, which is what Carter now seeks through his motion. Accordingly, the Court finds it appropriate to lower the sentence to 78 months as he requests.

The government argues for a different result, relying on the § 3553(a) sentencing factors. (Doc. 129, #2517–19). The problem with that argument is that the Court already considered those factors on the first go-round and determined that they supported a downward variance. True, with a shorter initial sentencing range the Court may not have been inclined to provide the same magnitude of downward variance. But that is irrelevant. Carter's motion does not request a downward variance. He simply requests a reduction to the low end of the applicable guidelines range.

Nor, in any event, does the Court's renewed consideration of the § 3553(a) factors cause it to conclude that the requested reduction is inappropriate. The magnitude of the reduction (six months) is small, and the resulting sentence (78 months) is still a significant sentence on the relevant facts here. Start with the nature of the offense. The case did not involve the use of violence. Carter did not point a weapon at anyone, discharge a weapon, or anything of the type. True, machineguns are inherently dangerous weapons, but the length of the sentence, even at 78 months, adequately reflects that danger. Turn to the defendant's personal characteristics.

Yes, there are facts that cut both ways. He had a difficult childhood and struggles with substance abuse issues, perhaps offering some explanatory value for his criminal conduct. But on the other hand, his prior conduct also suggests some willingness to engage in violent activities. The Court, however, noted all of that at sentencing, and still concluded a downward variance was warranted. (Doc. 117, #2313–20). Next is respect for the law, just punishment, and deterrence, both general and specific. All of these are equally well served by a 78-month within-guidelines sentence as an 84-month below-guidelines (at the time) sentence. Now consider the importance of protecting the public. Carter will still serve a 78-month sentence, so as with the previous factor, the public will still receive substantial protection from further criminal activity by Carter. And even a marginally shorter, 78-month sentence should still have a substantial deterrent effect for future criminal conduct. As for unwarranted disparities, the new sentence, which is within the (amended) guidelines range is presumably more in line with sentences in other matters than the below-guidelines sentence the Court originally announced. Indeed, as the government highlights, "the Guidelines themselves represent the best indication of national sentencing practices." (Doc. 129, #2519 (quoting *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008))).

## CONCLUSION

Accordingly, for the above reasons, the Court **GRANTS** Carter's Motion for Sentence Reduction (Doc. 128) and reduces Carter's sentence from a term of 84

7

months with credit for time served to a term of 78 months with credit for time served. All other aspects of the original sentence shall remain the same.

    **SO ORDERED.**

<u>September 10, 2024</u>
  **DATE**                                          **DOUGLAS R. COLE**
                                                      **UNITED STATES DISTRICT JUDGE**